SUTER v. FT. WORTH & D. C. RY. CO.

(Court of Civil Appeals of Texas. Jan. 28, 1911.)

1. WATERS AND WATER COURSES (§ 179*)— CONSTRUCTION OF RAILROAD—OVERFLOW.

In an action against a railroad for injuries to plaintiff's land, caused by an overflow, plaintiff alleged the building of the road adjacent to plaintiff's land and its failure to provide sufficient culverts for the natural flow of water flowing across plaintiff's land, and that thereafter said defendant narrowed certain of the culverts in said roadbed and thereby obstructed the natural flow of water, so that such water as fell on and flowed across plaintiff's land was held thereon, so as to injure growing crops and permanently injure the land. Plaintiff amended his complaint and charged that Johnson grass was growing along defendant's right of way, and that, by reason of the wrongful acts charged in the original petition, the water was diverted from its natural flow, and thereby 100 acres of plaintiff's land was seeded with Johnson grass from defendant's right of way. Held that, under the allegations of the amended petition, plaintiff could recover for such damages only as were caused by reason of the fact that "such water as fell on and flowed across plaintiff's said land was held thereon."

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 244–250; Dec. Dig. § 179.*]

2. WATERS AND WATER COURSES (§ 179*)— CONSTRUCTION OF RAILROAD — OVERFLOW — EVIDENCE.

In an action against a railroad company for damages to plaintiff's land, caused by the overflow of said land, resulting from the defective construction of defendant's road, the evidence held insufficient to warrant a verdict for plaintiff.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 244–259; Dec. Dig. § 179.*]

Error from District Court, Wichita County; A. H. Carrigan, Judge.

Action by R. H. Suter against the Ft. Worth & Denver City Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

A. Hughes and Stephens & Miller, for plaintiff in error. L. H. Mathis, C. C. Huff, and Spoonts, Thompson & Barwise, for defendant in error.

DUNKLIN, J. Plaintiff in error's farm is situated on the north side of defendant in error's railway. The railway crosses Plum creek just south of the farm and also at another point west of the farm. From the latter crossing Plum creek runs in a southeasterly direction south of the track, thence in a northeasterly direction to the east crossing, and thence across plaintiff in er-

ror's land. Walker's creek flows into Plum creek south of the railway. The railway also crosses this creek west of the west crossing of Plum creek. Plaintiff in error instituted this suit to recover damages for loss of crops and injury to the land.

In his amended petition he alleged: "Heretofore, to wit, in the year 1885, the defendant, the Ft. Worth & Denver City Railway Company, built a line of railroad south of and adjacent to plaintiff's said land and failed to provide sufficient culverts in its roadbed to provide for the natural flow of water falling on and flowing across plaintiff's said land, and thereafter, in the year 1907, said defendant narrowed and closed certain of the culverts in said roadbed, and thereby obstructed the natural flow of water falling on and flowing across plaintiff's said land, so that such water as fell on and flowed across plaintiff's said land was held thereon in such a way and manner as to injure and destroy growing crops and to permanently injure the value of plaintiff's land, to the extent and in the way hereinafter more fully pleaded."

In his trial amendment he alleged: "At all of the times mentioned in plaintiff's said amended petition, Johnson grass was growing along the right of way of defendant company, and along the public road lying northwest, and by reason of the wrongful acts in plaintiff's petition charged, the water was diverted from its natural flow along said right of way and public road, and thereby 100 acres of plaintiff's said land was seeded with Johnson grass and injured and damaged as pleaded in plaintiff's said amended petition, and said seed came from defendant's said right of way and adjacent thereto, which the defendant well knew."

Under the allegations quoted from the amended petition, plaintiff in error could recover for such damages only as were caused by reason of the fact that "such water as fell on and flowed across plaintiff's said land was held thereon." Of course, nothing but an overflow of Plum creek as it crossed plaintiff in error's farm would result in causing the water to stand upon the land. Whether all the water in this creek at the place it crossed the farm had followed the channel south of the track, and thence under the railway again at the east crossing, or some of it had been obstructed at the west crossings and, after running along the public road on the north of the railway, again entered the channel of Plum creek, would make no difference in the volume of water in the creek, where it crossed the farm.

It was further proven beyond controversy that, during some of the overflows complained of, Plum creek overflowed south of the track to such an extent as to cause water to overflow the track, and thence to spread over the farm not only in the channel of the creek

at the east crossing, but at other places as well. Clearly this shows that the farm would have been overflowed and Johnson grass seed washed thereon, in the absence of the railway track.

Under the pleadings and the evidence, there was no reasonable basis for a verdict in plaintiff's favor, and accordingly the judgment is affirmed, without discussing the assignments of error presented in plaintiff in error's brief.